IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARIA SMITH, on behalf of herself** | : | |
| **and all others similarly situated,** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | |
| v. | : | |
| | : | |
| **JOHN HANCOCK INSURANCE** | : | |
| **COMPANY,** | : | **No. 06-3876** |
| **Defendant.** | : | |

**MEMORANDUM AND ORDER**

**Schiller, J.**                                                                                            September 3, 2008

Plaintiff Maria Smith brings this action against Defendant John Hancock Insurance Company alleging that Defendant unlawfully recouped all bonus interest paid to Plaintiff in the first year of an annuity contract she purchased from Defendant. In a September 2, 2008 Memorandum and Order, this Court granted summary judgment as to all of Plaintiff's claims other than her claims for fraud/intentional misrepresentation (Count I) and for violations of Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL") (Count IX). The factual background of this action can be found in that memorandum. Presently before this Court is Plaintiff's motion for class certification, seeking the certification of a national[1] and a Pennsylvania[2] class of plaintiffs. For the

---

[1] Plaintiff seeks to certified a national class defined as follows:

> All persons and/or entities in the United States who, between 2001 and the present, purchased and/or owned a John Hancock deferred annuity that included a first year bonus interest rate, and maintained that annuity in-force beyond the guarantee period. Excluded from the class are those persons who, prior to their annuity purchase, received from John Hancock a bonus rate disclosure statement explaining the consequences of purchasing their annuity.

(Pl.'s Mot. for Class Cert. [hereinafter "Pl.'s Mot."] ¶ 1.a.) Plaintiff also offers an alternative

reasons discussed below, Plaintiff's motion is denied.

I.     **DISCUSSION**

In order to proceed as a class action, the present action must satisfy the prerequisites outlined in Rule 23(a) as well as the requirements of one of the three subdivisions of Rule 23(b) of the Federal Rules of Civil Procedure. Plaintiff contends that the prerequisites of Rule 23(a) are met and that this action should proceed as a class action pursuant to either Rule 23(b)(2) or 23(b)(3). Defendant contends that Plaintiff is subject to a unique defense and cannot satisfy even the prerequisites of Rule 23(a), much less the requirements of either subdivision of Rule 23(b). This Court finds that Plaintiff satisfies neither the prerequisites of Rule 23(a) nor the requirements of either subdivision of Rule 23(b), and therefore will deny Plaintiff's motion.

A.     **Rule 23(a) Prerequisites**

Rule 23(a) provides that:

> One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous the joinder of all members is impractical, (2) there are questions of law or fact common to the class, (3) the

---

national class, narrowing it from those who purchased and/or owned a John Hancock deferred annuity to those that purchased and/or owned a John Hancock GPA Choice annuity. (*Id.* ¶ 1.b.)

² Plaintiff defines the Pennsylvania class as follows:

> All Pennsylvania residents who purchased and/or owned a John Hancock GPA Choice annuity that included a first year bonus interest rate, and maintained that annuity in-force beyond the guarantee period. Excluded from the class are those persons who, prior to their annuity purchase, received from John Hancock a bonus rate disclosure statement explaining the consequences of purchasing their annuity.

(Pl.'s Mot. ¶ 1.b.)

2

claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Thus, in order to meet the prerequisites of Rule 23(a), Plaintiff must demonstrate numerosity, commonality, typicality and adequacy of representation.

Numerosity is satisfied as this Court finds that joinder of all members is impracticable. For that national class, thousands of GPA choice annuities were sold nationwide. (Pl.'s Mot. Ex. A (Deposition of Ian Roke [hereinafter "Roke Dep."]) at 37:3-5; Pl.'s Mot. Ex. L.) Moreover, over a thousand GPA choice annuities were sold in Pennsylvania alone. (Pl.'s Mot. Ex. L.) Thus, Plaintiff's proposed classes meet this threshold.

Commonality "will be satisfied if the named plaintiff[] share[s] at least one question of fact or law with the grievances of the prospective class." *Baby Neal v. Casey*, 43 F.3d 48, 56 (3d Cir. 1994). Plaintiff alleges a common scheme, thus asserting "a single common complaint" and sufficiently demonstrating common questions of law and fact for both the national[3] and the Pennsylvania[4] classes. *Id.*

---

[3] Members of the both classes proposed by Plaintiff allege a common scheme, that they were led to believe they would receive the full benefit of the bonus paid in year one when Defendant actually designed the annuity product to recoup the entire bonus from the inception of the contract. Thus, common questions of law or fact exist, such as:
    (1) Did Defendant actually recoup the bonus interest paid in year one?
    (2) Did Defendant misrepresent anything about its product?
    (3) Did Defendant fail to disclose information it had a duty to disclose?
    (4) Did the class members justifiably rely on Defendant's misrepresentations or omissions?
    (5) Did Defendant's misrepresentations or omissions cause injury to the class members?

[4] With regard to the claim under the UTPCPL, Pennsylvania class members have common questions of law or fact, such as:
    (1) Did Defendant advertise its products with the intent not to sell them as advertised?
    (2) Did Defendant engage in fraudulent and deceptive conduct creating a likelihood of

Nevertheless, Plaintiff cannot demonstrate that as a class representative she is either typical or adequate, as she is "subject to a unique defense that is likely to become a major focus of the litigation." *Beck v. Maximus, Inc.*, 457 F.3d 291, 301 (3d Cir. 2006). A unique defense can be asserted against the class representative, but is not applicable to the class as a whole. *Zenith Labs., Inc. v. Carter-Wallace, Inc.*, 530 F.2d 508, 512 (3d Cir. 1976). In this case, Plaintiff bought two annuities from Jackson National shortly after purchasing Defendant's annuity. (Smith Dep. at 194:20-22.; *see also* Mem. and Order (Sept. 2, 2008) Part I.C.) Those annuities contained disclosure language stating that "as a result of the bonus interest rate, rates in subsequent years will be lower than that credited on non-bonus contracts" – language similar to that which was omitted form Defendant's disclosure. (*Id.* at 212:16-21.) Plaintiff stated that if she had seen that language when she purchased the Jackson National annuities, she would not have bought the contracts as she was looking for something fixed, not variable. (*Id.* at 213:7-20.) Yet, she still purchased these annuities, raising questions of reliance and causation. Defendant will argue that even if it had included similarly clear disclosure language, the outcome would have been the same. (Def.'s Opp'n to Pl.'s Mot. for Class Cert. [hereinafter "Def.'s Opp'n"] at 17.) Thus, Defendant will contend that Plaintiff neither relied on Defendant's misrepresentations or omissions, nor did they cause her damages. (*Id.*) As both reliance and causation must be established to maintain claims for fraud/intentional misrepresentation (Count I) and for violations of the UTPCPL (Count IX), this is likely to become a major focus of litigation. *See Wittekamp v. Gulf & Western, Inc.*, 991 F.2d 1137, 1142 (3d Cir. 1993) (listing reliance and causation as elements of claim for intentional misrepresentation); *see also*

---

confusion or of misunderstanding?
(3) Did Defendant conduct cause injury to the class members?
(4) Did the class members justifiably rely on Defendant's conduct?

*Hunt v. United States Tobacco Co.*, — F.3d —, 2008 W 2967249 at *2 (3d Cir. April 17, 2008) (holding that a claim under the UTPCPL requires a showing of not only causation but also reliance). Hence, this Court finds that Plaintiff cannot establish the Rule 23(a) prerequisites of typicality and adequacy of representation, and declines to grants Plaintiff's motion for class certification.

**B.     Rule 23(b)(2)**

Even if Plaintiff did satisfy the prerequisites of Rule 23(a), her claims still could not proceed as a class action under Rule 23(b)(2). Rule 23(b)(2) provides that an action may be maintained as a class action if "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." FED. R. CIV. P. 23(b)(2). However, the Advisory Committee Notes to Rule 23(b) state that this subdivision does not apply to "cases in which the appropriate final relief relates exclusively or predominantly to money damages." 39 F.R.D. 69, 102 (1966).

The only equitable relief Plaintiff seeks is restitution.[5] It is clear, however, that Plaintiff is actually seeking money damages and requests restitution as an alternate means of obtaining the same. Thus, this case is one in which the appropriate final relief is predominantly, if not exclusively, money damages. Therefore, this Court would not certify a plaintiff class under Rule 23(b)(2) even if Plaintiff satisfied the prerequisites of Rule 23(a). *See e.g., In re Sch. Asbestos Litig.*, 789 F.2d 996, 1008 (3d Cir. 1986) (affirming denial of class certification under Rule 23(b)(2) when plaintiffs characterized their claim for money damages as one for restitution); *see also Chiang v. Veneman*,

---

[5] Plaintiff also sought disgorgement, but this Court found in its September 2, 2008 Order that Plaintiff was not entitled to this remedy. Therefore, it is not relevant to the instant inquiry.

5

385 F.3d 256, 264 n.6 (3d Cir. 2004).

    **C.**    **Rule 23(b)(3)**

Likewise, Plaintiff's claims could not proceed as a class action under Rule 23(b)(3). Rule 23(b)(3) provides that an action may be maintained as a class action if "the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." FED. R. CIV. P. 23(b)(3). The first Rule 23(b)(3) requirement is predominance, measuring whether the class is sufficiently cohesive to warrant certification. *Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 259 F.3d 154, 187 (3d Cir. 2001).

In this action, the common questions do not predominate over those affecting only individual class members. First, this Court holds that reliance may not be presumed in this case. While a presumption of reliance arises when liability is predicated on the omission of material information, no such presumption arises in cases alleging misrepresentations. *Johnston v. HBO Film Management, Inc.*, 265 F.3d 178, 192 (3d Cir. 2001). In cases such as this one, involving both a misrepresentation and an omission, a court must "decide, on a case by case basis, whether the offenses can be characterized primarily as omissions or misrepresentations, and therefore who most appropriately bears the burden of proof." *Id.* Here, Plaintiff alleges that Defendant misrepresented its product by labeling it as a bonus when there was no bonus, and made an omission in not disclosing the same. Yet "the omission alleged would have no impact absent the misrepresentation, or in other words, a misrepresentation is necessary to create the specific expectation that the omission does not negate." *Id.* at 193. Hence, Plaintiff's case is predicated upon a misrepresentation

and she is not entitled to a presumption of reliance. *Id.* at 193-94.

As reliance may not be presumed, the individualized issues attendant on proving reliance bar class certification. (*See* Pl.'s Reply Br. in Further Supp. of Mot. for Class Cert. [hereinafter "Pl.'s Reply"] at 14.) Plaintiff's own circumstances illustrate this point. In order to determine whether Plaintiff relied on the alleged misrepresentations and omissions, it is first necessary to consider Plaintiff's rationale for buying Defendant's annuity product. Additional relevant facts include other annuity products she purchased, when she bought them, what disclosure language they included, as well as her impressions of those annuities as opposed to the ones she purchased from Defendant. As these are each individual questions, the answers to which can vary widely among putative class members, the question of reliance itself becomes highly individualized.

Reliance is key to both of Plaintiff's remaining claims for which she is seeking class certification. As a result, this Court finds that the common questions do not predominate over the individual questions and Plaintiff's action may not proceed as a class action under Rule 23(b)(3).[6]

## II.   CONCLUSION

As Plaintiff cannot satisfy the requirements of Rule 23(a) and maintenance of a class action is not appropriate under either Rule 23(b)(2) or Rule 23(b)(3), this action may not be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure. An appropriate Order follows.

---

[6] As this Court has already determined that Plaintiff cannot satisfy the prerequisites of Rule 23(a) nor the predominance requirement of Rule 23(b)(3), it is unnecessary to decide whether Plaintiff can establish superiority, or whether a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARIA SMITH, on behalf of herself and all others similarly situated,** | : | |
| **Plaintiff,** | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **JOHN HANCOCK INSURANCE COMPANY,** | : | **No. 06-3876** |
| **Defendant.** | : | |

# ORDER

**AND NOW**, this **3rd** day of **September, 2008**, upon consideration of Plaintiff's motion for class certification (Document No. 53), Defendant's response thereto and Plaintiff's reply thereon, and for the foregoing reasons it is hereby **ORDERED** that Plaintiff's motion is **DENIED**.

BY THE COURT:

_____
**Berle M. Schiller, J.**